IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TLC REALTY 1 LLC
Doing Business As TLC
GENERAL CONTRACTING, LLC,

    Plaintiff,

v.

BELFOR USA GROUP, INC.,

    Defendant.

Case No. 3:13-cv-56

Magistrate Judge Michael J. Newman
(Consent Case)

## ORDER

This consent case -- concerning claims of racial discrimination in contracting under 42 U.S.C. § 1981 -- is before the Court on Defendant Belfor USA Group, Inc.'s ("Belfor") three motions *in limine*. Docs. 51, 52, 59. Plaintiff TLC Realty 1 LLC doing business as TLC General Contracting, LLC ("TLC")[1] filed memoranda in opposition. Docs. 58, 60, 62. The Court held oral argument on the motions on February 1, 2016. The undersigned has carefully considered the pending motions *in limine* and they are now ripe for decision.

**I.**

Generally, all relevant evidence is admissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make a fact that is of consequence in determining the action more or less probable. Fed. R. Evid. 401. A motion *in limine* should only be granted where evidence is clearly inadmissible for any purpose. *English Woods Civic Ass'n/Resident Cmty. Council v. Cincinnati Metro. Hous. Auth.*, No. 1:03–CV–186, 2004 WL 6043508, at *1 (S.D. Ohio Nov. 23, 2004). "[A] ruling on a motion *in limine* is no more than a preliminary, or

---

[1] TLC is a single-member LLC created and operated by Teaven Curtiss.

advisory, opinion which falls entirely within the discretion of the [D]istrict [C]ourt." *United States v. Hurd*, No. 92-5988, 1993 WL 389944, at *3 (6th Cir. Oct. 1, 1993). "The trial court is permitted to change its ruling during the trial." *Id.* (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)).

## II.

Belfor's motions *in limine* seek to exclude: (A) testimony from witnesses Demon Hall ("Hall") and Christopher Roebeck ("Roebeck"); (B) evidence regarding TLC's compensatory damages for emotional distress, harm to reputation, future losses, and loss of expectation; and (C) evidence regarding TLC's lost profits. Docs. 51, 52, 59.

### A. Witnesses Hall and Roebeck

Belfor argues that testimony from Hall and Roebeck should be excluded because their testimony would be irrelevant and/or based on hearsay. Doc. 51 at PageID 1189, 1192. According to TLC, Hall and Roebeck worked for TLC and Holt Construction during the relevant time period and each were paid via Form 1099 by both companies. Doc. 58 at PageID 1395. During oral argument, counsel for TLC claimed that these witnesses would limit their testimony to how they were paid, *i.e.,* not how other workers were paid. The Court finds such testimony relevant to TLC's contention that Belfor treated it differently than non-minority owned Holt Construction regarding the use of workers paid via Form 1099. Accordingly, Belfor's motion to preclude their testimony is **DENIED**.

### B. TLC's Compensatory Damages

Belfor next argues that evidence regarding TLC's alleged emotional damages, harm to reputation, future losses, and loss of expectation are inadmissible. Doc. 59 at PageID 1397. Specifically, Belfor first argues that TLC, a limited liability company, may not recover emotional

damages. *Id.* at PageID 1400.  While it appears that the Sixth Circuit has yet to specifically address this issue, all other courts considering the issue have consistently held that business entities cannot suffer emotional distress and, therefore, are not entitled to recover emotional distress damages.  *See, e.g., Diversified Educ. Training & Mfg. Co. v. City of Wichita*, 473 F. Supp. 2d 1140, 1153 (D. Kan. 2007) (holding that, in a § 1981 case, a corporation owned and operated by an African-American couple cannot recover damages for emotional distress); *Cangelosi v. New Orleans Hurricane Shutter and Window, L.L.C.*, No. 12-427, 2012 WL 5613403, at *2 (E.D. La. Nov. 15, 2012) (holding that "limited liability compan[ies] . . . cannot suffer emotional distress as a matter of law); *HM Hotel Props. v. Peerless Indemn. Ins. Co.,* 874 F. Supp. 2d 850, 854 (D. Ariz. 2012) (finding that "[m]ultiple federal courts . . . have found that a corporate plaintiff cannot suffer emotional distress because 'a corporation lacks the cognizant ability to experience emotions'").

The undersigned finds no reason why this proposition of law should not apply with equal force to single-member/single-owner entities such as TLC.  In the absence of any contrary authority, the Court finds Belfor's argument well taken, and **GRANTS** its motion *in limine* in this regard.

Second, as to the remaining categories of compensatory damages -- aside from lost profits, which Belfor addresses separately, *see* doc. 52 -- Belfor argues TLC should be precluded from presenting any testimony or evidence in this regard because TLC never requested such damages in the amended complaint, and failed to disclose or produce evidence supporting such damages in discovery -- despite specific requests by Belfor.  Doc. 59 at PageID 1402.

Rule 26 requires plaintiffs to provide, in their initial disclosures, "a computation of each category of damages claimed."  Fed. R. Civ. P. 26(a)(1)(A)(iii).  Plaintiffs must also "make

3

available for inspection and copying . . . the documents or other evidentiary material . . . on which each computation is based." *Id.* Discovery disclosures must be supplemented as new information comes to light. Fed. R. Civ. P. 26(e). Rule 37 provides that, if a party fails to disclose information as required by Rule 26(a) or (e), that information must be excluded at trial, "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to Rule 26, parties must detail and provide proof of damages when requested to do so in discovery. *See, e.g., Bonnell v. Firstmerit Bank, N.A.,* No. 13-13589, 2014 WL 5511494, at *1 (E.D. Mich. Oct. 31, 2014) (excluding evidence of damages when the plaintiff failed to provide mandatory disclosures and failed to provide requested information regarding her damages even though the defendant expressly requested that information during discovery).

According to Belfor, throughout the pendency of the case, TLC sought only lost profits, attorney's fees, and punitive damages. Doc. 59 at PageID 1402-03. The first mention of emotional damages, harm to reputation, future losses, and loss of expectation, was in its proposed jury instructions, filed on January 12, 2016. *Id.* at PageID 1402; *see* doc. 57 at PageID 1383. Assuming, *arguendo*, these damages are recoverable by a LLC, the Court agrees with Belfor that evidence of these damages must be excluded at trial. The discovery period in this case ended on September 29, 2015, and at no time before that date -- in its written discovery responses or in Curtiss's deposition testimony -- did TLC disclose that it was seeking any compensatory damages beyond lost profits. *See* doc. 59-2 at PageID 1424, 1431, 1434-35. In response to Belfor's motion, TLC offers no explanation as to why it never disclosed its intent to seek such damages until well after the close of discovery and mere weeks before trial. *See* doc. 62. Nor does TLC explain its failure to detail such damages in discovery, despite specific requests by Belfor to do so. *See id.* Accordingly, the Court cannot conclude that its failure to

disclose was substantially justified or that allowing evidence of such damages would be harmless. The Court, therefore, **GRANTS** Belfor's motion *in limine* as to the remaining categories of compensatory damages, excluding lost profits.

### C. TLC's Lost Profit Damages

The Court will defer a ruling on Belfor's final motion, doc. 52, until trial.

### III.

For the foregoing reasons, the Court **DENIES** Belfor's motion *in limine* regarding testimony from Hall and Roebeck (doc. 51) and **GRANTS** Belfor's motion regarding compensatory damages excluding lost profits (doc. 59).

**IT IS SO ORDERED.**

Date:  February 3, 2016              *s/ Michael J. Newman*
                                     Michael J. Newman
                                     United States Magistrate Judge